EDWARDS WILDMAN PALMER LLP
One Giralda Farms
Madison, New Jersey 07940
Telephone: (973) 520-2300
Facsimile: (973) 520-2600
    -and-
750 Lexington Avenue
New York, New York 10022-1200
Telephone: (212) 308-4411
Facsimile: (212) 308-4844
*Attorneys for Defendant*

9/12/13

Granted.

/s/ Judge Raymond J. Dearie

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRANAB MALLICK, <br><br> Plaintiff, <br><br> vs. <br><br> CVS ALBANY, L.L.C. <br> a/k/a CVS PHARMACY, <br><br> Defendant. | 12 Civ. 5386 (RJD) (CLP) <br><br> **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW** |

Plaintiff, Pranab Mallick ("Plaintiff" or "Mallick"), and Defendant, CVS Albany, L.L.C. ("Defendant" or "CVS"), jointly request that the Court approve the Parties' proposed settlement of Plaintiff's claims and dismiss this action with prejudice. As grounds for this Motion, the Parties jointly state as follows:

1.  Plaintiff, a former CVS employee, filed the instant action against Defendant alleging, inter alia, that Defendant failed to pay him wages owed in violation of the Fair Labor Standards Act and the New York Labor Law. Defendant has denied Plaintiff's allegations.

2.  The Parties wish to settle all claims, including Plaintiff's claims under the Fair Labor Standards Act and the New York Labor Law.

AM 23616538.1

3. To that end, the Parties have agreed upon a settlement amount that includes compensation for wages in connection with Plaintiff's FLSA claim. Plaintiff has agreed to, and has executed, a settlement agreement and general release in the form of Exhibit A, attached hereto ("the Settlement Agreement"), by which Plaintiff and Defendant agree to the compromise and dismissal of this action.

4. With respect to Plaintiff's claims under the FLSA and New York Labor Law, the Parties agree that the Settlement Agreement arises out of an adversarial context, and that there exists a bona fide dispute as to liability, coverage under the statute, and computation of damages.

5. The Parties, through their respective counsel, represent to the Court that the Settlement Agreement is fair, equitable, and in compliance with the policies of the FLSA and New York Labor Law.

6. Judge Cogan recently articulated the standard for approval of FLSA settlement agreements as follows:

> Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.

*Massiah v. MetroPlus Health Plan, Inc.*, No. 11-cv-05669 (BMC), 2012 WL 5874655, at *5 (E.D.N.Y. November 20, 2012) (internal citations omitted). The Parties respectfully submit that this standard for judicial approval of the Agreement has been met here.

7. At all times material hereto, Plaintiff and Defendant were represented by counsel experienced in the litigation of FLSA claims and the settlement amount and Agreement was the subject of arms-length negotiations. The parties therefore respectfully submit that the Agreement they have entered into represents a reasonable compromise of Plaintiff's claims

consistent with the intent and purpose of the FLSA, as all of the relevant criteria support approval of the ultimate settlement in this matter.

8. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant in this case, and the settlement ultimately agreed upon was the culmination of extensive settlement negotiations. Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's Counsel, it is clear that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

9. Further, the attorneys' fees and costs agreed upon to be paid by Defendants under the Parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendant on Plaintiff's behalf. See 29 U.S.C. §216(b).

10. Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal in this action.

WHEREFORE, Plaintiff, Pranab Mallick, and Defendant, Albany CVS, L.L.C., respectfully request that this Honorable Court enter an Order (i) GRANTING this Motion; (ii)

APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act and New York Labor Law; and (iii) DISMISSING this case with prejudice.

Respectfully submitted this 26th day of August, 2013.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Law Office of Abdul K. Hassan | EDWARDS WILDMAN PALMER LLP |
| 215-28 Hillside Avenue | One Giralda Farms |
| Queens Village, NY 11427 | Madison, New Jersey 07940 |
| Telephone: (718) 740-1000 | Telephone: (973) 520-2300 |
| | -and- |
| | 750 Lexington Avenue |
| | New York, New York 10022-1200 |
| | Telephone: (212) 308-4411 |
| /s/ Abdul K. Hassan | /s/ Todd M. Reed |
| Abdul K. Hassan, Esq. | Richard M. DeAgazio (RD-6507) |
| | Aimee S. Lin (AS-5309) |
| | Todd M. Reed (TR-8329) |

SO ORDERED: /s/ Judge Raymond J. Dearie _____ U.S.D.J.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was sent via the Court's ECF System this 26th day of August, 2013 to all counsel of record.

/s/ Todd M. Reed
Todd M. Reed

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") between Pranab Mallick ("Mr. Mallick" or "Employee") and CVS Pharmacy, Inc. ("CVS") is made as of the date this Agreement is signed by Mr. Mallick.

WHEREAS, Mr. Mallick filed a Complaint against CVS Albany, L.L.C. that is presently pending in the United States District Court for the Eastern District of New York, Civil Action No. CV-12-5386 (the "Lawsuit");

WHEREAS, the parties acknowledge that bona fide disputes exist as to whether Mr. Mallick's claim is covered by the Fair Labor Standards Act and the amount, if any, of unpaid overtime wages and other damages allegedly owed Mr. Mallick;

WHEREAS, CVS denies the allegations in the Lawsuit, and denies that it is liable for any other claims alleged by Mr. Mallick; and

WHEREAS, Mr. Mallick and CVS mutually desire to resolve their disputes.

NOW THEREFORE, in consideration of the foregoing, and of the promises and mutual covenants herein contained, CVS and Mr. Mallick agree as follows:

1. **SETTLEMENT PAYMENT** - In consideration for Mr. Mallick's agreement to all of the terms, conditions and promises in this Agreement, CVS agrees to pay the total sum of Twenty-Eight Thousand Four Hundred and Ten Dollars and No Cents ($28,410.00) (the "Settlement Payment"), inclusive of any and all costs and attorneys' fees incurred, in full and final settlement. The Settlement Payment shall be paid through three checks. The first check will be payable to Pranab Mallick in the gross amount of Seven Thousand, Five Hundre Dollars and No Cents ($7,500), less any applicable federal, state and local taxes, and will be reported to Mr. Mallick on Internal Revenue Service Form W-2. The Second check will be payable to Pranab Mallick in the gross amount of Seven Thousand, Five Hundred Dollars and No Cents ($7,500), representing liquidated and other damages, and will be reported on an Internal Revenue Service Form 1099-Misc. The third check will be payable to Mr. Mallick's attorney, Abdul K. Hassan, Esquire, in the amount of Thirteen Thousand, Four Hundred and Ten Dollars and No Cents ($13,410), representing 21.7 hours at $600/hr plus $410 in costs. CVS agrees to deliver the aforementioned checks to Mr. Mallick's attorney within twenty-one (21) days following the delivery to CVS of (a) this Agreement, executed with Mr. Mallick's original signature and the date of execution, (b) an Order of the Court approving the settlement of Mr. Mallick's FLSA claim, and (c) a Stipulation of Dismissal With Prejudice of the Lawsuit, signed by Mr. Mallick's attorney. The parties agree that the second and third Settlement Payments described above shall be reported on Internal Revenue Service Form 1099-Misc, Box 14. The parties agree that no part of any payments by CVS pursuant to this Settlement Agreement constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

2. **TAX LIABILITY** - Mr. Mallick agrees that he shall be liable for the payment of all federal and state taxes which may be due as the result of the consideration received in the Settlement Payment described above, and that the payment is made for the settlement of disputed claims as set forth herein. Mr. Mallick represents that he shall pay such taxes at the time and in

the amount required by law.

3. **DISMISSAL OF LAWSUIT WITH PREJUDICE** - Mr. Mallick represents that, other than the Lawsuit, he is not a party in any pending administrative charge, lawsuit, civil action or claim of any kind against CVS or any of its subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Mr. Mallick agrees to promptly dismiss the Lawsuit with prejudice, without costs, and waiving all rights of appeal, and further agrees to take all steps reasonably necessary to facilitate the dismissal with prejudice of the Lawsuit.

4. **PAY FOR UNUSED VACATION** - Mr. Mallick represents and agrees that he has been paid all of his pay for accrued but unused vacation.

5. **SUFFICIENCY OF CONSIDERATION** - Mr. Mallick agrees that the Settlement Payment is good and valuable consideration for the general release and the other promises and terms in this Agreement. Mr. Mallick understands and agrees that he is not eligible for or entitled to any payments, wages, benefits or remuneration from CVS or any of its subsidiaries, except as provided in this Agreement.

6. **EMPLOYEE RELEASE** - Mr. Mallick hereby releases and forever discharges CVS Pharmacy, Inc. and each of its divisions, affiliates, parents, subsidiaries and operating companies and the respective officers, directors, employees, agents and affiliates of each of them (collectively, the "Released Parties"), from any and all causes of action, lawsuits, proceedings, complaints, charges, debts, contracts, judgments, damages, claims, and attorneys' fees against the Released Parties, whether known or unknown, which Employee ever had, now has or which Employee or Employee's heirs, executors, administrators, successors or assigns may have prior to the date this Agreement is signed by Employee, due to any matter whatsoever relating to Employee's employment, compensation, benefits, and/or termination of Employee's employment with CVS or any of its parents or subsidiaries (collectively, the "Released Claims). The Released Claims include, but are not limited to, any claim that any of the Released Parties violated the Fair Labor Standards Act, the New York State Human Rights Law (New York Executive Law § 290 *et seq.*), the New York City Human Rights Law (Title 8 of the New York City Administrative Code), the New York Labor Laws, the New York Wage and Hour Laws, the National Labor Relations Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, the Immigration Reform Control Act, the Americans with Disabilities Act, and/or the Occupational Safety and Health Act; any claim that any of the Released Parties violated any other federal, state or local statue, law, regulation or ordinance; any claim of unlawful discrimination and retaliation of any kind; any public policy, contract, tort, or common law claim; any claim concerning stock, stock options, or a stock or stock option agreement; any claim that was or could have been asserted in the Lawsuit; and any claim for costs, fees, or other expenses including attorney's fees incurred in these matters.

7. **EMPLOYEE MEDICARE DECLARATION** – Mr. Mallick states that to the best of his knowledge that: 1) he is not currently entitled to Medicare; and 2) none of the treatment she received for the injury or injuries claimed in this lawsuit, or related to the incident giving rise to this lawsuit, or released in this agreement were or will be submitted to, or paid for by, Medicare.

2

8. **COURT APPROVAL OF FLSA RELEASE** – Mr. Mallick agrees to join in and consent to CVS's motion seeking the Court's approval of the waiver and release of his FLSA claim. The parties agree that a joint motion for Court approval of the waiver and release of the FLSA claim shall be filed as soon as possible.

9. **COVENANT NOT TO SUE** - Mr. Mallick agrees not to file or initiate a lawsuit in any court or initiate an arbitration proceeding asserting any of the Released Claims against any of the Released Parties. Mr. Mallick further agrees that he will not permit himself to be a member of any class in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that he may no waive a claim released by this Agreement, he will not accept or be entitled to any money damages or other relief in connection with any other action or proceeding asserting any of the Released Claims against any of the Released Parties

10. **NO FAMILY AND MEDICAL LEAVE ACT CLAIMS** -- Mr. Mallick acknowledges that CVS has provided him with any leave to which he may be or have been entitled under the Family and Medical Leave Act. Mr. Mallick represents that he is not aware of any facts that would support a claim against any of the Released Parties for any violation of the Family and Medical Leave Act.

11. **NEUTRAL REFERENCE** - In the event that Mr. Mallick seeks to provide confirmation of his employment with CVS to a potential or future employer, CVS agrees that he may provide to the potential or future employer the automated telephone number, known as the "Work Number for Everyone," (800) 367-5690, company code 10259, to obtain a neutral reference including confirmation of his dates of employment and last position held with CVS.

12. **NONADMISSION OF WRONGDOING** - Mr. Mallick and CVS agree this Agreement does not constitute an admission by CVS of any of the matters alleged in the Lawsuit, or of any violation by CVS of any federal, state or local law, ordinance or regulation, or of any violation of any policy or procedure, or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by CVS or any of its parents, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

13. **WAIVER OF DAMAGES** - Nothing herein is intended to or shall interfere with Employee's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing federal or state discrimination laws and/or cooperating with said agency in its investigation. Employee, however, shall not be entitled to receive any relief, recovery or monies in connection with any complaint or charge brought against any of the Released Parties, without regard as to who brought any such complaint or charge.

14. **GOVERNING LAW** - This Agreement shall be governed by and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

15. **COUNTERPARTS** - This Agreement may be executed in counterparts and each counterpart will be deemed an original.

16. **REPRESENTATION BY COUNSEL; UNDERSTANDING OF AGREEMENT** – Mr. Mallick acknowledges that CVS has informed him to consult with an attorney before signing this agreement, that he has, in fact, consulted with an attorney before signing this Agreement, and that he has been given a reasonable period of time in which to consider the terms of this Agreement before acting upon it. Mr. Mallick represents that he has carefully read and fully understands all of the provisions of this Agreement and that he has discussed all aspects of the Agreement with his attorney.

17. **SECTION HEADINGS** - Section headings contained in this Agreement are for convenience of reference only and shall not affect the meaning of any provision herein.

18. **SEVERABILITY** - Should any term or provision of this Agreement be declared illegal, invalid or unenforceable by any court of competent jurisdiction and if such provision cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

19. **ENTIRE AGREEMENT** - This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior and/or supplemental understandings, whether written or oral, between the parties concerning the subject matter of this Agreement. Mr. Mallick acknowledges that he has not relied on any representations, promises or agreements of any kind made to him in connection with his decision to accept the terms of this Agreement, except for the representations, promises and agreements herein. Any modification to this Agreement must be in writing and signed by Mr. Mallick and CVS' Sr. Vice President, Human Resources or her authorized representative.

**IN WITNESS WHEREOF**, the parties knowingly and voluntarily executed this Agreement and General Release as of the date set forth below.

| EMPLOYEE | CVS PHARMACY, INC. |
|---|---|
| _____ <br> PRANAB MALLICK <br> DATE: _____ | BY: _____ <br> DATE: _____ |

4